The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | CHAPTER 7 |
| | ) | |
| | ) | CASE NO. 10-61843 |
| MARGARET ELLEN PALOMBA, | ) | |
| | ) | JUDGE RUSS KENDIG |
| | ) | |
| Debtor. | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

On September 9, 2010, debtor Margaret Ellen Palomba filed a "Motion to Show Cause," and, on October 8, 2010, she filed a "Second Motion to Show Cause For Violations of the Court's Stay Order" (collectively "the Motions"). A hearing was held on November 15, 2010. Jeffery Jakmides represented the debtor, and Gregory A. Beck represented respondents Anthony Palomba and Wendy Rockenfelder (collectively "Respondents"). At hearing, the parties agreed to file briefs and allow the Court to take the matter under advisement. Briefs have been filed. The Court now decides the Motions.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

# FACTUAL BACKGROUND

Mr. Palomba and Ms. Palomba are parties in a divorce action filed in Stark County Family Court as case number 2009DR01268 on October 27, 2009. On April 29, 2010, Ms. Palomba filed a chapter 7 bankruptcy petition, and her discharge was entered on December 8, 2010. Through the Motions, Ms. Palomba seeks sanctions for actions taken by the Respondents in Family Court with respect to (1) demands for settlement regarding the parties' 2009 tax returns and (2) contempt motions filed by the Respondents against Ms. Palomba.

The Respondents' demands regarding the tax returns are contained in two letters. On May 19, 2010, Mr. Jakmides received the first letter from Mr. Palomba's divorce attorney, Ms. Rockenfelder. The letter requests that Mr. Jakmides forward a copy of Ms. Palomba's 2009 tax return and a copy of her Edward R. Jones investment account. The letter further states that "we are going to request that [Ms. Palomba] be liable for half Mr. Palomba's liability and that she [sic] receive one-half of any refund that your client would have received."

On July 27, 2010, Ms. Rockenfelder sent Mr. Jakmides a second letter. This letter outlines a proposed settlement regarding the parties' marital property. The letter proposes that Ms. Palomba pay Mr. Palomba one-half of her 2009 tax refund totaling $4,331 and be liable for one-half of Mr. Palomba's 2009 tax liability totaling $3,265. The letter also states that if the settlement is not acceptable "we will be proceeding with contempt charges as soon as the Stay is lifted due to your client's improper use of the joint account and also her improper filing of a tax return and not depositing the refund into the joint account." The language of the second letter demonstrates that the Respondents were aware of the bankruptcy filing.

No settlement was reached, and the Respondents did in fact file two contempt motions against Ms. Palomba in Family Court, both of which resulted in show cause orders. The first motion was filed on September 1, 2010.[1] In connection with the first contempt motion, Mr. Palomba filed an affidavit stating that Ms. Palomba had written checks from the parties' joint account without obtaining Mr. Palomba's signature and that she failed to deposit her 2009 tax return in the parties' joint account in violation of the Family Court's order. The Respondents also filed a scheduling order. The scheduling order states that "[t]he court is advised that any stay from the B.K. action is lifted" despite the fact that a motion for relief from stay was never filed with the Court.

On September 21, 2010, the Respondents filed a second contempt motion alleging that Ms. Palomba wrote additional checks on the joint account without Mr. Palomba's permission. The second contempt motion was accompanied by an amended affidavit and notice of hearing.

As a result of the Respondents' actions, Ms. Palomba claims emotional distress. She testified at the hearing that she was upset by the Respondents' actions and, in an affidavit filed

---

[1] No copy of the first contempt motion appears in the record. Ms. Palomba's filings suggest that the first contempt motion was made orally.

with the Court, states that she is "very worried and upset about these letters and court papers."

Ms. Palomba's 2009 tax refund was neither listed on her bankruptcy petition nor claimed as exempt. According to her testimony at the hearing, she filed her tax return post-petition. She testified that she brought a copy of her tax return to the meeting of creditors. However, she has not filed amended schedules. Notably, her tax return claims head of household status despite the parties' pending divorce.

## LAW AND ANALYSIS

Pursuant to 11 U.S.C. § 362(c), the automatic stay was lifted in this case on December 8, 2010 when the Court entered an order of discharge. The Court now determines whether sanctions are appropriate for the Respondents' conduct prior to the entry of the discharge.

*A. The Settlement Demands Violated the Automatic Stay.*

Section 362(a) provides an exclusive list of the eight types of conduct that violate the automatic stay, unless an exception applies. Section 362(a)(1) stays "any act to obtain property of the estate . . . ." The Respondents' second letter, which threatened Ms. Palomba with contempt if she did not agree to split her tax return, was unquestionably an attempt to obtain property of the estate in violation of section 362(a)(1).

Section 362(b) provides a list of exceptions to section 362(a). It appears that no section 362(b) exception excuses the Respondents' conduct. Notably, section 362(b)(2)(A)(iv), which excepts divorce proceedings from the automatic stay, does not extend to attempts to divide property that is property of the estate.

The Respondents argue that there was no violation of the automatic stay because the tax refund was exempt. However, Ms. Palomba does not claim her tax refund as exempt. The Respondents also argue the stay does not apply because Ms. Palomba's assets are marital property. However, under Ohio divorce law, "marital property" only describes a type of property that is subject to equitable division. O.R.C. § 3105.171(B). Actual ownership of marital property does not change until an appropriate order is entered by the Family Court. Thus, the tax refund is property of the estate regardless of whether it is also marital property. Finally, the Court notes that the tax refund remains property of the estate despite the fact that it is not listed on the bankruptcy petition. 11 U.S.C. § 541.

Respondents' settlement demands violated the automatic stay despite the fact that the contempt motions, standing alone, would not have violated the automatic stay. The contempt motions are excepted by section 362(b)(2)(A)(iv) because they are part of divorce proceedings that do not, on their face, implicate the division of property. Rather, they seek to enforce Family Court orders aimed at preserving the status quo with regard to marital property. Furthermore, section 362(b)(1) exempts criminal actions, including contempt motions. NLRB v. Sawulski (In re Sawulski), 158 B.R. 971, 977 (E.D. Mich. 1993). Nonetheless, the Respondents' threat to institute contempt proceedings was a violation of the automatic stay because it was an attempt to

extract property of the bankruptcy estate according to the plain language of Respondents' second letter. Similarly, criminal and quasi-criminal actions can be violations of the automatic stay if the purpose is to extract money. In re Williamson-Blackmon, 145 B.R. 18, 21 (N.D. Ohio 1992). The Court need not head down this trail to make further determinations based on findings hereinafter.

### B. Attorney Fees are Appropriate for the Violation of the Automatic Stay.

Section 362(k)(1) provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages." Once a creditor becomes aware of the filing of the bankruptcy petition, and therefore the automatic stay, any intentional act which violates the automatic stay is "willful," even if the creditor is under an honest but mistaken belief that the stay does not apply. In re Lansdale Family Restaurants, Inc., 977 F.2d 826, 829 (3d Cir. 1992). A debtor may obtain three types of damages: actual, punitive and attorney fees. A debtor is entitled to actual damages incurred as the result of a stay violation, provided those damages can be proved with reasonable certainty. In re Grine, 439 B.R. 461, 468 (Bankr. N.D. Ohio 2010). Punitive damages are available only in cases of egregious conduct. In re Repine, 536 F.3d 512, 521 (5th Cir. 2008). The debtor is also entitled to attorney fees for prosecuting a section 362(k) motion before the bankruptcy court. Grine, 439 B.R. at 471.

The Respondents' violation of the automatic stay in this case was willful because they acknowledge receiving notice of the bankruptcy petition. However, Ms. Palomba cannot show actual damages. Although Respondents filed two contempt motions because of Ms. Palomba's unwillingness to settle, it appears likely that the contempt motions would have been brought anyway because of Ms. Palomba's alleged use of funds from the joint account in violation of the Family Court's order. Thus, the issue would definitely have arisen, just at a different time.

In addition, the Court does not find Ms. Palomba's declarations of emotional distress to provide a sufficient factual basis for the award of actual damages. Courts are split regarding whether emotional distress can be a basis for actual damages. *Compare* In re Dawson, 390 F.3d 1139 (9th Cir. 2004) (allowing damages for emotional distress) *with* Aiello v. Providian Fin. Corp. (In re Aiello), 239 F.3d 876 (7th Cir. 2001) (not allowing damages for emotional distress). The Court need not address this split because even those courts that allow damages for emotional distress require a high level of emotional distress and a strong evidentiary showing in form of corroborating medical evidence, lay testimony that corroborates the debtor's anguish or outrageous circumstances. Dawson, 390 F.3d at 1149–50. In this case, the debtor has not made the required evidentiary showing. Rather, the facts suggest a bitter divorce proceeding in which each side seeks *any* tactical advantage. The automatic stay violation is merely a chip in this internecine struggle.

In addition, the Court finds that it would be inequitable under principles of judicial estoppel to award Ms. Palomba actual damages. By not listing her tax refund on her bankruptcy petition, she represented to the Court that she was not entitled to a tax refund. She now claims that the automatic stay has been violated with regard to her undisclosed asset and expects the Court to spring to her defense. The Court is not inclined to do so because Ms. Palomba has

abused the judicial process by making contrary representations. *See* White v. Wyndam Vaction Ownership, Inc., 617 F.3d 472, 476 (6th Cir. 2010).

In a similar vein, this case does not present "egregious conduct" of the sort that would merit an award of punitive damages. Respondents were under an honest, albeit incorrect, belief as to the status of the stay. This is markedly different from deliberately plunging through a consciously known legal prohibition.

Nonetheless, the majority of courts in the Sixth Circuit have found that a debtor who has failed to show actual damages for a violation of the automatic stay can still be awarded attorney fees for prosecuting a section 362(k) claim before the bankruptcy court. Grine, 439 B.R. at 471 (collecting cases). These courts reason that not allowing attorney fees would chill enforcement actions and thereby make the automatic stay less effective. Id. This policy consideration trumps all others. Accordingly, the Court awards Ms. Palomba reasonable attorney fees in connection with the Motions even though she is not entitled to actual or punitive damages.

An order will issue with this opinion.

\#   \#   \#

Service List:

Margaret Ellen Palomba
1068 Ivy Street NW
North Canton, OH 44720

Anthony J. DeGirolamo, Trustee - Canton
Canton
Courtyard Centre, Suite 307
116 Cleveland Ave., N.W.
Canton, OH 44702

Jeffrey Jakmides
325 E Main St
Alliance, OH 44601

Gregory A. Beck
400 South Main Street
North Canton, OH 44720